FLEASE, Appellant, vs. ESTATE OF WOODWORTH, Respondent.

*November 26—December 13, 1907.*

**Sales: Remedies of buyer: Statute of frauds.**

1. Plaintiff filed a claim against a decedent's estate for the value of certain personal property alleged to have been purchased at the same time and as part of the purchase of a dwelling house. The deed was not introduced in evidence, and there was no evidence that it contained any reference to the personal property. No other memorandum of the sale was made, no part of the purchase money was paid, none of the property was delivered, and its value was over $50. The defendant offered no evidence, and the plaintiff's evidence did not establish that the personalty was included with such clearness that it could be said, as matter of law, that there was a transfer of the personality by the deed and that plaintiff had purchased it. *Held*, that whether the sale had in fact been made was for the jury.

2. In such case it was also *held*, under sec. 2308, Stats. (1898), that plaintiff failed to show a valid agreement for the purchase of the property.

APPEAL from a judgment of the circuit court for Forest county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This action was commenced in the county court of Oneida county by the filing of a claim against the estate of S. D. Woodworth, deceased. The claim was disallowed and an appeal taken to the circuit court, where upon trial a verdict was rendered against the plaintiff. Upon appeal to this court the judgment of the circuit court was reversed for want of presentation of the case by respondent. The complaint in circuit court alleges that plaintiff purchased from S. D. Woodworth in his lifetime a dwelling house and certain personal property for $2,000; that Woodworth agreed to leave the articles of personal property on the premises, but that he inadvertently removed them with his household goods; and that he afterwards retained the same and deprived plaintiff

of them. The value of the property is also alleged. The defense is a general denial. Upon the trial there was evidence that the deceased in his lifetime had pointed out some of the articles, which plaintiff claims to have purchased, as having been sold to the plaintiff, and that these articles were referred to in decedent's presence as articles which were to go with the place. The deed was not introduced in evidence and there was no evidence that it contained any reference to the personal property. The plaintiff testified that these articles of personal property were not on the premises when he went into possession of the house and lot. There was no evidence in behalf of the defense. A verdict was rendered against the plaintiff. A motion that the verdict be set aside and a new trial granted was denied, and judgment was rendered for the defense. This is an appeal from such judgment.

The cause was submitted for the appellant on the briefs of *F. C. Weed,* and for the respondent on the brief of *D. H. Walker.*

SIEBECKER, J. The evidence is not clear that these articles were included in the sale with the house and land. Two of the witnesses testify to the effect that the articles of personal property were alluded to in decedent's presence as going with the place and that he in speaking of them made like statements. The evidence, however, does not establish it with such clearness that it can be held as matter of law that there was a transfer of them by the deed and that plaintiff purchased them from decedent, as is now claimed. Under these circumstances this question was one which called for the verdict of a jury to resolve the uncertainty of the case. The court submitted this question to the jury upon the evidence under proper instruction, and, in view of the evidence upon the question of a sale of this property under the deed, we find no ground for disturbing their verdict. The

jury having found against the plaintiff as to this fact, no other written memorandum of the sale having been made, no property having been delivered, no part of the purchase money having been paid, and its value being over $50, it follows, under the requirements of sec. 2308, Stats. (1898), for the sale of goods, chattels, or things in action for the price of $50 or more, that plaintiff has failed to show a valid agreement for the purchase of this property. The plaintiff has established no cause of action under his claim, and the judgment dismissing his complaint was properly awarded.

*By the Court.*—Judgment affirmed.

CASSODAY, C. J., took no part.